US DISTRICT COURT
WESTERN DIST ARKANSAS
FILED

JUN 26 2017

DOUGLAS F. YOUNG, Clerk
By
Deputy Clerk

UNITED STATES DISTRICT COURT
FOR THE
WESTERN DISTRICT OF ARKANSAS

| | | |
|---|---|---|
| **JOHN REESE,** Plaintiff, v. **SARMA COLLECTIONS, INC.,** Defendant. | ) | **Civil Action No.:** 17-1043-SOH<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

JOHN REESE ("Plaintiff"), by and through his counsel, Kimmel & Silverman, P.C., alleges the following against SARMA COLLECTIONS, INC. ("Defendant"):

## INTRODUCTION

1. Plaintiff's Complaint is based on Defendant's repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. ("FDCPA"), and the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et. seq*. ("TCPA").

## JURISDICTION AND VENUE

2. This Court's jurisdiction arises under 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. § 1331, which grants this Court original jurisdiction of all civil actions arising under the laws of the United States.

3. Defendant regularly conducts business in the State of Arkansas; therefore personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

5. Plaintiff is a natural person residing in Hot Springs National Park, Arkansas.

6. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

7. Plaintiff is a "person" as that term is defined by 47 U.S.C. § 153(39).

8. Defendant is a corporation with its principal place of business located at 555 East Ramsey Road, San Antonio, Texas 78216.

9. Defendant is a "debt collector" as that term is defined by 15 U.S.C. §1692 a(6), and sough to collect a debt from Plaintiff.

10. Defendant is a "person" as that term is defined by 47 U.S.C. § 153(39).

11. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

12. Plaintiff has a cellular telephone number.

13. Plaintiff has only used this phone as a cellular telephone.

14. Beginning in or around June 2016 and continuing thereafter, Defendant placed repeated calls to Plaintiff's cellular telephone number.

15. Defendant's calls derived from phone numbers including, but not limited to: (210) 244-4515. The undersigned has confirmed that this phone number belongs to the Defendant.

16. Plaintiff told Defendant to stop calling.

17. However, Defendant ignored Plaintiff's request and continued to call him.

18. Once Defendant knew its calls were not wanted any continued calls could only have been placed for the purpose of harassing Plaintiff.

19. During this time, when contacting Plaintiff Defendant used an automated telephone dialing system and/or pre-recorded voice.

20. Plaintiff knew Defendant was using an automated telephone dialing system and/or pre-recorded voice because he received automated calls that would commence with a period of silence and pre-recorded voice before one of Defendant's collectors would then speak to Plaintiff.

21. In order to get the calls to stop, Plaintiff was ultimately forced to download a call blocking application to his cellular telephone.

**COUNT I**
**DEFENDANT VIOLATED §§ 1692d and 1692d(5) OF THE FDCPA**

22. A debt collector violates § 1692d by engaging in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

23. A debt collector violates § 1692d(5) by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

24. Defendant violated §§ 1692d and 1692(5) when it placed repeated calls to Plaintiff knowing that its calls were unwanted.

**COUNT II**
**DEFENDANT VIOLATED THE TCPA**

25. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

26. Defendant initiated automated calls to Plaintiff using an automatic telephone dialing system.

27. Defendant's calls to Plaintiff were not made for emergency purposes.

28. Defendant's calls to Plaintiff, on and after Plaintiff revoked consent, were not made with Plaintiff's prior express consent.

29. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

30. The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

31. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

WHEREFORE, Plaintiff, JOHN REESE, respectfully prays for judgment as follows:

a. All actual damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);

b. Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

c. All reasonable attorneys' fees, witness fees, court costs and other litigation costs, pursuant to 15 U.S.C. § 1693k(a)(3);

d. All actual damages suffered pursuant to 47 U.S.C. § 227(b)(3)(A);

e. Statutory damages of $500.00 per violative telephone call pursuant to 47 U.S.C. § 227(b)(3)(B);

f. Treble damages of $1,500.00 per violative telephone call pursuant to 47 U.S.C. §227(b)(3);

g. Injunctive relief pursuant to 47 U.S.C. § 227(b)(3); and

h. Any other relief deemed appropriate by this Honorable Court.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, JOHN REESE, demands a jury trial in this case.

Dated: June 12, 2017

Respectfully submitted,

Amy L. Bennecoff Ginsburg, Esq.
Kimmel & Silverman, P.C.
30 East Butler Pike
Ambler, Pennsylvania 19002
Phone: (215) 540-8888
Facsimile: (877) 788-2864
Email: aginsburg@creditlaw.com